IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01892-WDM-CBS

TRACY SPENCER,
    Applicant,
v.

KEVIN MILYARD, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,
    Respondents.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

This civil action is before the court on Mr. Spencer's Amended "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254" ("Petition") (filed October 3, 2006) (doc. # 4). Pursuant to the Order of Reference dated November 21, 2006 (doc. # 13), this civil action was referred to the Magistrate Judge to, *inter alia*, "submit proposed findings of fact and recommendations . . . ." The court has reviewed the Petition, Mr. Spencer's "Addendum" (filed October 11, 2006) (doc. # 7), Respondents' Answer (filed December 15, 2006) (doc. # 15), Mr. Spencer's "Reply to Respondent's [sic] Answer to Applicant's Writ of Habeas Corpus" ("Traverse") (filed January 3, 2007) (doc. # 16), Mr. Spencer's Supplement (filed October 11, 2007) (doc. # 17), the pertinent parts of the state court record, the entire case file, and the applicable law, and is sufficiently advised in the premises.

1

I.  Background

Mr. Spencer is currently incarcerated at the Sterling Correctional Facility of the Colorado Department of Corrections in Sterling, Colorado. For offenses committed in July and August of 1986, Mr. Spencer entered pleas on December 31, 1986 in El Paso County District Court to first degree murder in Case No. 86CR1819 and to second degree murder in Case No. 86CR1945, in exchange for withdrawal of the death penalty. (*See* Exhibit A (doc. # 15-2) at p. 7 of 22; Exhibit B (doc. # 15-3) at p. 7 of 33). The trial court imposed a sentence of life in prison in Case No. 86CR1819 and a 24-year sentence of imprisonment in Case No. 86CR1945, to be served concurrent to the life sentence.

Through appointed counsel, Mr. Spencer filed pursuant to Crim. P. 35(c) a "Motion to Vacate Convictions for Violations of Mr. Spencer's Due Process Rights to Preservation of Trial Counsel's File" on July 22, 2004. (*See* Exhibit A (doc. # 15-2) at p. 9 of 22). After an evidentiary hearing, the trial court denied Mr. Spencer's Crim. P. 35(c) motion on August 25, 2004, holding "that the loss of the public defender's file was not a due process violation, that the plea was valid, that there was no ineffective assistance of counsel and the 35(c) attack in 86CR1945 was time barred." (*See* Exhibit A (doc. # 15-2) at p. 9 of 22).

Mr. Spencer appealed the denial of his Crim. P. 35(c) motion, arguing that the trial court erred by finding: (1) that the loss or destruction of trial counsel's case file did not violate his due process rights, (2) that he did not receive ineffective assistance of counsel, and (3) that his Crim. P. 35(c) motion was time barred. (*See* Exhibit A (doc. #

15-2) at pp. 6-7 of 22). On April 27, 2006, the Colorado Court of Appeals affirmed the trial court's denial of Mr. Spencer's Crim. P. 35(c) motion. (*See People v. Spencer*, Colo. App. No. 04CA2080 (Exhibit D (doc. # 15-5)). On or about June 8, 2006, Mr. Spencer filed a petition for *writ of certiorari*. (*See* Exhibit E (doc. # 15-6)). The Colorado Supreme Court denied Mr. Spencer's petition for *writ of certiorari* on August 14, 2006 in Case No. 06SC372. (*See* Exhibit G (doc. # 15-8)).

Mr. Spencer filed this Petition in federal court on or about September 13, 2006. (*See* "Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915" (doc. # 1)). Mr. Spencer raises two claims in the Petition: (1) that he received ineffective assistance of trial counsel; and (2) that the loss or destruction of trial counsel's case file violated his due process rights. (*See* Petition (doc. # 4) at pp. 5-6 of 10).[1]

---

[1] In his initial Application filed on September 22, 2006, Mr. Spencer also alleged a third claim entitled "Time Bar issue." (*See* doc. # 3 at p. 8 of 13). Respondents noted on December 15, 2006 that Mr. Spencer did not include his third claim in his Amended Application. (*See* Answer (doc. # 15) at p. 2 of 36, n. 1; Petition (doc. # 4)). Mr. Spencer has not addressed a "Time Bar issue" in any filings subsequent to his initial Application. (*See* Mr. Spencer's Addendum, Traverse, and Supplement (docs. # 7, # 16, and # 17)).

An amended complaint supersedes the original complaint, rendering it of no legal effect and waiving all causes of action alleged in the original complaint but not alleged or incorporated into the amended complaint. *See Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991) ("[i]t is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect") (internal quotations marks and citations omitted); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (original complaint that was not incorporated into pro se litigants' unsolicited amended complaint was properly ignored); *Davenport v. Saint Mary Hospital*, 633 F. Supp. 1228, 1239 (E.D. Pa. 1986) (court declined to address issue plaintiff did not allege in amended complaint that superseded original complaint). The court need not address Mr. Spencer's third claim entitled "Time Bar issue," as it has not been raised in his Amended Application or any subsequent filings. (*See* Petition, Addendum,

II.  One-Year Limitation Period for Filing Application for Federal Habeas Relief

Respondents do not challenge the timeliness of the Petition under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).

III.  Exhaustion of State Remedies

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). Respondents do not argue that Mr. Spencer has failed to exhaust his state remedies as to Claims One and Two.

---

Traverse, Supplement (docs. # 4, # 7, # 16, and # 17)).

In any event, Mr. Spencer's third claim challenging the trial court's ruling that his Crim. P. 35(c) motion was time barred would properly be denied on the merits. The trial court's determination that Mr. Spencer's claim was time barred pursuant to Colo. Rev. Stat. § 16-5-402 was purely an application of state law. Federal courts do not grant habeas relief for errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States"). *See also Shipley v. Oklahoma*, 313 F.3d 1249, 1251 (10th Cir. 2002) ("We take this opportunity to confirm that federal habeas review does not extend to the correction of purely state law procedural errors that do not rise to the level of a constitutional due process violation . . .") (internal quotation marks and citation omitted). Mr. Spencer alleges only that the trial court improperly applied the state law time bar, not that the trial court's ruling violated any federal law.

Mr. Spencer's third claim would also fail on the merits because "no constitutional provision requires a state to grant post-conviction review." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (citation omitted). Thus, an alleged error that "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration . . . states no cognizable federal habeas claim." *Sellers*, 135 F.3d at 1339.

4

IV.     Merits of Mr. Spencer's Claims

The court proceeds to examine the merits of Mr. Spencer's two exhausted claims.

A.      Standard of Review

Mr. Spencer filed this habeas proceeding after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Consequently, federal review of the Petition is governed by the standards set out in 28 U.S.C. § 2254(d) and (e), as amended by the AEDPA. *Williams v. Taylor*, 529 U.S. 362, 402 (2000). *See also Price v. Vincent*, 538 U.S. 634, 638 (2003) ("A habeas petitioner whose claim was adjudicated on the merits in state court is not entitled to relief in federal court unless he meets the requirements of 28 U.S.C. § 2254(d)").

Section 2254(d) provides that a writ of habeas corpus may not be issued with respect to any claim that was adjudicated on the merits in state court unless the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2254(d). The Supreme Court has construed the language of § 2254(d)(1):

> . . . a decision by a state court is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases, or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent. . . ."

*Price*, 538 U.S. at 640. In determining whether the state court decision "involved an unreasonable application of clearly established Federal law,"

> a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied [a Supreme Court case] incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied [that case] to the facts of his case in an objectively unreasonable manner."

*Price*, 538 U.S. at 640-41 (internal quotation marks and citations omitted).

When applying § 2254(d)(2), "the factual issues decided by the [state] court are presumed to be correct and [Mr. Spencer] bears the burden of rebutting this presumption by clear and convincing evidence." *Le v. Mullin*, 311 F.3d 1002, 1010 (10th Cir. 2002) (citing 28 U.S.C. § 2254(e)(1)). *See also Fields v. Gibson*, 277 F.3d 1203, 1215-16 (10th Cir. 2002) (If the court treats the issue as a factual determination under § 2254(d)(2) and (e)(1), it must ask whether the petitioner has "rebutted the presumption of correctness by showing, by clear and convincing evidence, that the state court's decision was an unreasonable determination of the facts.").

B.  Analysis

1.  Claim One

Mr. Spencer alleges in Claim One that he received ineffective assistance of trial counsel. (*See* Petition (doc. # 4) at p. 5 of 10). Mr. Spencer alleges that he received ineffective assistance because trial counsel failed to investigate the case, "misinformed him as to the strength of the state's case," withheld exculpatory information that physical evidence found at the scene was inconclusive, and that unspecified

6

"advisements . . . should have occurred but did not." (*See* Petition (doc. # 4) at p. 5 of 10; Traverse (doc. # 16) at pp. 4-6 of 11).

The Colorado Court of Appeals affirmed the trial court's finding that Mr. Spencer "did not meet his burden to prove both elements of his claim for ineffective assistance of counsel." (*See People v. Spencer*, Colo. App. No. 04CA2080 (Exhibit D (doc. # 15-5) at p. 10 of 14). The Colorado Court of Appeals noted that Mr. Spencer "presented no specific evidence in support of his claim other than his own contradictory testimony and the loss of the public defender's trial court file." (*See id.*). The Colorado Court of Appeals found Mr. Spencer's testimony at the Crim. P. 35(c) hearing "unpersuasive," as he stated at his providency hearing "that he had met with his attorneys on a weekly basis, that he had spent many hours with them, that he was satisfied with their representation, and that they had represented him with his best interests in mind." (*See id.* at pp. 10-11 of 14). The evidence at the Crim. P. 35(c) hearing included the testimony of Mr. Spencer's trial counsel, Judge Gilbert Martinez. "Judge Martinez was able to recall . . . his concern that Spencer would be convicted at trial of at least one of the murders." (*See id.* at p. 12 of 14). "Judge Martinez testified that there was no doubt in his mind that he discussed test results, police reports, and other evidence with Spencer before he advised him to plead guilty." (*See id.* at p. 12 of 14). Judge Martinez further testified "that he had certainly conducted an investigation in this case," as "it was his practice to do so in every first degree murder case." (*See id.* at p. 12 of 14). The Colorado Court of Appeals concluded that

> because of Spencer's own expression of satisfaction with his attorneys at

> his providency hearing, the lack of specific evidence or allegations of prejudice, Judge Martinez's adequate recollections of the trial, and the adequacy of the proceedings in which the guilty plea was entered, the trial court did not err in finding that Spencer had not met his burden for proving ineffective assistance of counsel.

(*See People v. Spencer*, Colo. App. No. 04CA2080 (Exhibit D (doc. # 15-5) at p. 12 of 14).

"The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. That right is denied when a defense attorney's performance falls below an objective standard of reasonableness and thereby prejudices the defense." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (citing *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) and *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "To prove ineffective assistance of counsel under *Strickland*, a petitioner must show (1) that trial counsel's performance was deficient, i.e., that he fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Parker v. Scott*, 394 F.3d 1302, 1320-21 (10th Cir. 2005) (internal quotation marks and citations omitted). "In assessing whether counsel's performance was deficient, we must free ourselves from the distorting effects of hindsight by indulging in a strong presumption that counsel acted reasonably." *Parker*, 394 F.3d at 1320-21 (internal quotation marks and citation omitted). "Thus, counsel's performance is not deficient as long as it falls within the wide range of reasonable professional assistance and might be considered sound trial strategy." *Parker*, 394 F.3d at 1321 (internal quotation marks and citation omitted). Mr. Spencer "has the burden of rebutting the presumption that

8

his counsel acted reasonably." *Parker*, 394 F.3d at 1321.

Mr. Spencer has not demonstrated that his counsel's performance was deficient. The evidence relied on by the state courts, including the transcript of Mr. Spencer's providency hearing and the credible testimony of Mr. Spencer's trial counsel at the Crim. P. 35(c) hearing, do not support a finding that trial counsel's performance was deficient. The Colorado Courts' determination of this issue was not contrary to established federal law or an unreasonable determination of the facts in light of the evidence.

Further, "[t]o prevail on his ineffective assistance claim, defendant must show that he was prejudiced by his trial counsel's allegedly deficient performance." *United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002). "In the context of a guilty plea," the burden to show prejudice "requires defendant to show that counsel's deficient performance affected the outcome of the plea process and that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Clingman*, 288 F.3d at 1186 (internal quotation marks and citation omitted). "[A] petitioner's mere allegation that he would have insisted on trial but for his counsel's errors, although necessary, is ultimately insufficient to entitle him to relief." *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001). Rather, the court looks "to the factual circumstances surrounding the plea to determine whether the petitioner would have proceeded to trial." *Miller*, 262 F.3d at 1072.

Mr. Spencer has failed to establish a reasonable probability that, but for his trial

counsel's alleged errors, he would not have pled guilty. Mr. Spencer has not shown that trial counsel's alleged failure to investigate the case affected his plea. Mr. Spencer's plea was based on the prosecution's agreement to withdraw the death penalty as to the first degree murder charge. (*See* Exhibit B (doc. # 15-3) at pp. 7, 13 of 33). Judge Martinez testified about "his concern that Spencer would be convicted at trial of at least one of the murders." (*See* doc. # 15-5 at p. 12 of 14). Nor do Mr. Spencer's allegations that trial counsel "misinformed him as to the strength of the state's case," that trial counsel withheld exculpatory information that physical evidence found at the scene was inconclusive, and that unspecified "advisements . . . should have occurred" demonstrate that his plea would have been different. The trial court found that Mr. Spencer's testimony at the Crim. P. 35(c) hearing held 18 years after his guilty plea was "unpersuasive." (*See* doc. # 15-5 at p. 11 of 14). There was substantial physical evidence placing Mr. Spencer at one of the murder scenes. (*See* Exhibit B (doc. # 15-3) at pp. 7-8 of 33). At the providency hearing, Mr. Spencer admitted the factual basis for the first degree murder charge and stated that he had committed the crime. (*See* Exhibit B (doc. # 15-3) at pp. 7, 9 of 33). Mr. Spencer has not demonstrated that but for his trial counsel's alleged errors he would not have pled guilty and would have proceeded to trial. The Colorado Courts' determination of this issue was not contrary to established federal law or an unreasonable determination of the facts in light of the evidence.

    2.    Claim Two

Mr. Spencer alleges in Claim Two that the loss or destruction of trial counsel's case file violated his due process rights by preventing him from supporting his claim for ineffective assistance of trial counsel. (*See* Petition (doc. # 4) at p. 6 of 10). For this reason, he asks this court to vacate his conviction and grant him a new trial. (*See* Petition (doc. # 4) at p. 10 of 10).

The Colorado Court of Appeals affirmed the trial court's finding that the unavailability of trial counsel's file did not violate his right to due process. (*See People v. Spencer*, Colo. App. No. 04CA2080 (Exhibit D (doc. # 15-5) at p. 4 of 14). The Colorado Court of Appeals first found that "Spencer presented insufficient evidence to prove that the public defender's office destroyed his trial court file." (*See id.* at p. 5 of 14). The evidence "at most establishe[d] that the file was either lost or misplaced, not destroyed." (*See id.* at p. 6 of 14).

The Colorado Court of Appeals rejected Mr. Spencer's argument, based on Justice Marshall's dissent in *Maxwell v. Florida*, 479 U.S. 972, 107 S. Ct. 474 (1986), that access to his trial counsel's file was necessary because at the Crim P. 35(c) hearing trial counsel had little recollection of the case. The Colorado Court of Appeals stated "there is no evidence that Spencer's attorneys refused to surrender the trial court file; thus the *Maxwell* dissent is inapposite," that "the facts underlying Justice Marshall's dissent to the denial of certiorari in *Maxwell* are distinguishable from the facts in this case," and that Justice Marshall's dissent "is not precedent." (*See id.* at p. 6 of 14).

The Colorado Court of Appeals also found that although Mr. Spencer "had

11

several options for reconstructing the record," he did not pursue them. (*See id.* at pp. 6-7 of 14). Mr. Spencer made no attempt to obtain evidence from either of his two trial attorneys or the investigator who worked on his case. (*See id.* at p. 7 of 14). Judge Martinez appeared "at the request of the People." (*See id.* at p. 7 of 14). Mr. Spencer did "not specifically allege prejudice beyond his conclusory argument" or "identify a single ineffective aspect of the public defender's investigation." (*See id.* at pp. 8-9 of 14). "Because Spencer does not assert that a specific portion of the file was crucial to his appeal, his allegation of prejudice in this regard is merely speculative." (*See id.* at p. 11 of 14). The Colorado Court of Appeals concluded that

> the reconstruction of the public defender's file at the evidentiary hearing, to the extent possible, was an appropriate remedy for its loss or misplacement, and the trial court properly found that Spencer's mere assertion of prejudice, without elaboration, was not sufficient to establish a violation of due process.

(*See id.* at p. 9 of 14).

Mr. Spencer presents no basis for finding that the Colorado Courts' determination of this issue was contrary to established federal law or an unreasonable determination of the facts in light of the evidence. Mr. Spencer argues that this situation is analogous to unavailable portions of a trial transcript for review on appeal. Under federal law, "habeas relief based on a missing transcript will only be granted where the petitioner can show prejudice." *See Scott v. Elo*, 302 F.3d 598, 604-05 (6th Cir. 2002). Mr. Spencer has not adequately identified any prejudice. The evidence presented at the Crim. P. 35(c) hearing, including Judge Martinez' substantial recollection of the case, was adequate to support the state courts' determination that

12

Mr. Spencer did not demonstrate a due process violation based on the loss of trial counsel's file. Mr. Spencer offers nothing more than speculation of error by trial counsel's missing file. Federal law is not to the contrary. *See, e.g., Williams v. Woodford*, 384 F.3d 567, 613-14 (9th Cir. 2004) (although exact parameters of investigation and preparation for penalty phase were unknown due to the loss of defense counsel's original trial file, other parts of the record nonetheless demonstrated defense counsel's investigative efforts.); *Peace v. Hendricks*, 2005 WL 3406405 at * 11 (D.N.J. 2005) (no showing of prejudice made and no denial of due process found where postconviction review counsel was unable to review trial counsel's file with respect to the merits of petitioner's ineffective assistance of counsel claims due to the inadvertent loss of trial counsel's file);[2] *Wade v. Vasquez*, 752 F. Supp. 931, 934-35 (C.D. Cal. 1990) (no prejudice shown based on failure of trial counsel to "preserve the file so it could be used by petitioner or subsequent counsel in litigating the constitutional claims"), *aff'd in part, rev'd in part on other grounds*, 29 F.3d 1312 (9th Cir. 1994). "Without more, the loss of a file can hardly raise itself to any violation of the Sixth Amendment right to the effective assistance of counsel." *Wade*, 752 F. Supp. at 934-35.[3]

---

[2] A copy of this unpublished opinion is attached to this Recommendation.

[3] To the extent that Mr. Spencer is alleging that the loss of trial counsel's file deprived him of due process in the consideration of his ineffective assistance of counsel claim at the Crim. P. 35(c) hearing, this allegation is not cognizable in habeas corpus. (*See, e.g.,* Mr. Spencer's Addendum (doc. # 7) at pp. 12-13 of 16 ("His right to post-conviction relief has been essentially rendered meaningless), p. 15 of 16 ("As a result of the loss of the file, Petitioner an [sic] undue hardship in litigating his post-conviction [sic]. The court erred when it found that the inability of the Petitioner to

13

VII.   Conclusion

The state courts' determinations were not contrary to established federal law or unreasonable determinations of the facts in light of the evidence. Mr. Spencer is not entitled to habeas relief. Accordingly,

IT IS RECOMMENDED that the Amended "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. Section 2254" (filed October 3, 2006) (doc. # 4) be DENIED and this civil action be dismissed with prejudice.

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the

---

litigate his [Crim. P. 35(c)] motion due to the loss of the file was not a violation of his constitutional rights.")). The Constitution requires no additional due process rights in a post-conviction proceeding. *See Villafuerte v. Stewart*, 111 F.3d 616, 632 n. 7 (9th Cir. 1997) (prisoner's "separate claim that he was denied due process in his state habeas corpus proceedings" was "not addressable in a section 2254 proceeding."); *Bryant v. Maryland*, 848 F.2d 492, 492 (4th Cir. 1988) ("claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief"); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (*per curiam*) (concluding § 2254 claim that petitioner's due process rights were violated when state post-conviction court failed to attach appropriate portions of record to its opinion "goes to issues unrelated to the cause of petitioner's detention [and] does not state a basis for habeas relief" ); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986) (holding that § 2254 was not available to challenge a denial of due process in the state post-conviction proceedings).

basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated at Denver, Colorado this 3rd day of March, 2008.

BY THE COURT:


   s/Craig B. Shaffer
United States Magistrate Judge